STATE *ex rel.* BHAGWAN GYANEE, v. S. D. McCREARY, Chief of Police, City of Miami.

156 So. 257.
Division B.

*A. N. Spence,* for Plaintiff in Error;

*J. W. Watson, Jr.,* and *William W. Charles,* for Defendant in Error.

BUFORD, J.—Plaintiff in error sued out writ of habeas corpus before a Circuit Judge in Dade County and upon hearing was remanded to the custody of the Chief of Police of the City of Miami.

A number of questions are sought to be presented for our determination. It appears, however, that the only question necessary for us to determine is whether or not the charge contained in the warrant constitutes a violation of Ordinance No. 1118 of the City of Miami. The pertinent part of the warrant is as follows:

"*Whereas,* W. E. Nichols has this day made oath before me that one Bhagwan Cyanee—406 NE 2 Ave. on the 29th day of January, A. D. 1934, at and in the City of Miami, aforesaid, did then and there unlawfully engage in business as a lecturer, without having first paid the occupational license tax and registration fee, in violation of Ordinance No. 1118."

Section 3 of the Ordinance provides in part as follows:

"Section 3. That from and after the date when this Ordinance becomes effective no person shall engage in the business, occupation or profession hereinbefore or hereinafter mentioned which are required to be licensed by any of the various Florida State Boards of Examiners as stated in Section 2 hereof, without first having paid the amount of license tax required therefor, for the use of the City of Miami and obtained a City license therefor.

"(a) That any person shall be entitled to receive from the Finance Department of the City of Miami, Florida, a license or permit authorizing him or her to practice the profession, vocation or business of a 'Lecturer,' 'Professor,' 'Physical Culturist,' 'Physicultopathist,' 'Physical Correctionist,' 'Physiotherapist,' 'Physicaltherapist,' 'Dietitian,' 'Dietetist,' 'Naturist,' 'Sun Culturist,' 'Psychologist,' 'Psychotherapist,' 'Astrologist,' 'Horoscopist,' and 'Mineralogist,' who shall:

(a) File with the Director of Finance of the City of Miami, Florida, a sworn affidavit giving the following information:"

Then follows the requirements of what information should be contained in the petition and also the requirement that the petition shall be accompanied by the payment of the license fee of $250.00 for license for one year for each separate location of such business in the City of Miami.

. Sub-section "a" of Section 2 of the Ordinance provides as follows:

"That whenever the word, phrase, or expression 'lecturer,' 'Profession,' 'Physical Culturist,' 'Physicultipathist,' 'Physical Correctionist,' 'Physiotherapist,' 'Physicaltherapist,' 'Dietitian,' 'Dietetist,' 'Naturopathist,' 'Naturist,' 'Sun Culturist,' 'Psychologist,' 'Psychotherapist,' 'Astrologist,' 'Horoscopist,' 'Mineralogist,' shall appear in this Ordinance,

the same shall be defined and construed to mean any person who for fee, hire or reward (or without fee, hire or reward when done for the public generally) shall give lectures on health topics or advice as to matters of health and care of the human body, or sell books, pamphlets, leaflets or courses of instruction, in conjunction with such lectures, give treatments, demonstrations, instructions, manipulations, dietetic advice, or information as to increasing or reducing the weight of the human body or any other treatment upon or to the human body, skin, trunk or limbs."

Now it is impossible from a reading of the charge to determine what act the accused is alleged to have done which would violate the Ordinance. If he was lecturing on the Solar System, or on Darwin's Theory, or from the teachings of the Bible or from the Koran, or upon the Culture of Fruits or Vegetables, or upon thousands of other subjects, he would not be required to comply with the Ordinance. The Ordinance defines the word "Lecturer" as used therein and it also defined sixteen other words and phrases in the same language in which it defines the word "Lecturer." In other words the word "lecturer" and the word "dietitian" as used in the Ordinance mean the same thing, as does also the word "Astrologist." The word "lecturer" according to the definition in the Ordinance, means to sell books, pamphlets, leaflets or courses of instruction in conjunction with lectures on health topics or advice as to matters of health and care of the human body. It also includes giving treatments, demonstrations, instructions, manipulations dietetic advice or information as to the increasing or reducing the weight of the human body. It also means any treatment upon or to the human body, skin, trunk or limbs.

And so it is, that it is necessary when attempting to charge one with a violation of this ordinance that the acts

committed by such person must be set forth in the charge. Else no offense is charged.

Inasmuch as it appears from the record that no violation of the ordinance has been charged, the question of the validity of the Ordinance is not before us for determination.

The judgment should be reversed with directions that the petitioner be discharged. It is so ordered.

Judgment reversed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., and TERRELL, J., concur in the opinion and judgment.